Certified True Copy

RWL

FILED

20 JAN 17 PM 1:51

CIRCUIT COURT OF OREGON
FOR LANE COUNTY

BY

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

### COUNTY OF LANE

20CV03215

| | |
|---|---|
| RICHARD W. CLARK, as trustee of the Richard W. Clark and Merri Sue Clark Revocable Living Trust ) ) ) ) | **COMPLAINT** |
| Plaintiff ) ) ) | **DECLARATORY JUDGMENT, PERMANENT INJUNCTION, REMOVE CLOUD** |
| ) | |
| v. ) ) | |
| LSF9 MASTER PARTICIPATION ) TRUST; QUALITY LOAN SER- ) VICE CORPORATION OF ) WASHINGTON; U. S. BANK ) TRUST, N.A., AS TRUSTEE FOR ) LSF9 MASTER PARTICIPATION ) TRUST ) Defendants. ) | |

1.

### SUMMARY

Defendants and their predecessors in interest suffered a General Judgment of Dismissal with prejudice in their judicial foreclosure. Now defendants are attempting a nonjudicial foreclosure on the same facts and with the same documents. Defendants have recorded a "Notice of Default and Election to Sell" (Exhibit 1) in the Deeds and

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTION, REMOVE CLOUD

Richard W. Clark, Trustee
1810 Cameo Dr.
Eugene. OR 97405
541.221.5395
thegiftofplanning@gmail.com

1

1  Records of Lane County, Oregon and have mailed a "Trustee's Notice of Sale"

2  (Exhibit 2) to plaintiff. This court has already made a final adjudication on the merits

3  of defendant LSF9 Master Participation Trust's claim in Lane County Circuit Case

4  #16 14 20692 when the attorney for Wells Fargo's successor in interest appeared,

5  participated in court proceedings, and made no objection to the dismissal of the case.

6  (Exhibit 3)  Wells Fargo and defendant LSF9, its successor in interest and participant

7  in the case, were determined by the court not to have standing and were not the real

8  parties in interest because neither was a "person entitled to enforce" under Oregon's

9  version of the UCC. The court found that neither Wells Fargo nor defendant LSF9

10  had any legal or enforceable interest in the trust deed that plaintiff granted to Bank

11  United of Texas, and consequently defendant LSF9 does not have any interest in

12  plaintiff's real property or in any of plaintiff's loan obligations. Defendants did not

13  even record an assignment of trust deed or appointment of a successor trustee as

14  required by ORS 86.752. This court should order that the Trustee's Sale be stopped

15  and should order the clerk of Deeds and Records of Lane County, Oregon to remove

16  defendant Quality Loan Service Corporation of Washington's "Notice of Default and

17  Election to Sell." (Hereinafter "Quality Loan")

18
19                                    **2.**

20                           **FACTUAL BACKGROUND**

21       On June 29, 2015, Wells Fargo initiated judicial foreclosure proceedings

22  against plaintiff, producing a note (Exhibit 4) and a deed of trust (Exhibit 5). Plaintiff

23  Clark moved to dismiss because Wells Fargo did not have standing and was not the

24  real party in interest; plaintiff also filed a counterclaim against Wells Fargo for unjust

25
26

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTION, REMOVE CLOUD

1
2
3

enrichment. The court granted Plaintiff Clark's motion to dismiss (Exhibits 6) with its

order on January 13, 2016. (Exhibit 7)  The court also granted Wells Fargo's motion

to dismiss plaintiff's counterclaim.

4

3.

5
6
7
8
9
10

In the final hearing on plaintiff's objections to his counterclaim being

dismissed, Wells Fargo's attorney was replaced by an attorney representing the

interests of defendant LSF9 Master Participation Trust, the successor in interest to

Wells Fargo. (Exhibit 3) Defendant LSF9's attorney appeared at the final hearing and

did not object to the dismissal of the foreclosure action.

11

4.

12
13
14
15

The Clarks appealed the dismissal of their counterclaim and prevailed in the

Court of Appeals, which reversed the trial court's ruling of dismissal and remanded

the Clarks' counterclaim to be tried in circuit court. *Wells Fargo v. Clark*, 294 Or

App 197 (2018).)

16

5.

17
18
19
20
21
22
23

Prior to the trial on their counterclaim, the Clarks and Wells Fargo resolved all

of their issues. The Clarks are prevented from revealing the details of the settlement

agreement because of a non-disclosure provision, but they are allowed to reveal the

terms of the settlement agreement if ordered by the court, an order the Clarks would

promptly obey. The General Judgment in this case is a final adjudication of all issues

between the Clarks and Wells Fargo and their successors in interest.

24
25
26

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTION, REMOVE CLOUD

Richard W. Clark, Trustee
1810 Cameo Dr.
Eugene, OR 97405
541.221.5395
thegiftofplanning@gmail.com

3

1

2

6.

3

The final adjudication dismissing the claims of Wells Fargo in the General

4

Judgment of Dismissal (with prejudice) precludes LSF9, its successor in interest,

5

from pursuing a nonjudicial foreclosure based on the same facts and the same

6

documents. The attorney for Wells Fargo's successor in interest participated in the

7

trial and did not object to the dismissal of Wells Fargo's claims.

8

7.

9

One of the issues that was adjudicated as final and with prejudice was that

10

Wells Fargo did not have standing and was not the real party in interest because it

11

was not a "person entitled to enforce" the promissory note made payable by the

12

Clarks to Bank United of Texas.

13

14

8.

15

Counsel for Wells Fargo's successor in interest, defendant LSF9, participated

16

in the hearing and did not object to the dismissal of Wells Fargo's claim against the

17

Clarks. Counsel for defendant LSF9 told plaintiff Clark that he thought the judge had

18

made the right decision.

19

20

9.

21

Despite knowing that they did not have a legal basis for pursuing payments

22

from plaintiff, defendants sent plaintiff a "Trustee's Notice of Sale" (Exhibit 2) to be

23

held on May 13, 2020.

24

25

26

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTION, REMOVE CLOUD

1

2

### 10.

3

Defendant LSF9 did not record an assignment of trust deed or an appointment

4

of successor trustee as required by ORS 86.752.

5

### 11.

6

## DECLARATORY JUDGMENT

7

This action for declaratory relief is being brought pursuant to ORS §28.010 -

8

§28.160 (The Uniform Declaratory Judgments Act) to declare that defendants have no

9

legal or equitable rights in the Note or Deed of Trust (Exhibits 4 and 5) and that

10

defendants have no legal standing to institute a foreclosure proceeding on the property,

11

and to enjoin defendants from ever seeking to foreclose on the Property.

12

### 12.

13

14

ORS §28.120 expressly provides that the act is declared to be remedial and that its

15

purpose is to settle and to afford relief from uncertainty and insecurity with respect to

16

rights, status, and other legal relations, and it is to be liberally construed and

17

administered. Defendants' "Notice of Sale" (Exhibit 2) has put plaintiff in doubt and in

18

uncertainty as to his rights as well as to defendants' rights with respect to the Note and

19

the Trust Deed. Plaintiff's legal rights and relations with respect to the Note and the Trust

20

Deed have been threatened by the actions of defendants. And plaintiff is legally entitled,

21

through this action for Declaratory Relief, to have such doubt and uncertainty removed.

22

### 13.

23

24

Plaintiff respectfully requests that the Court declare that defendants are not

25

entitled to enforce plaintiff's Promissory Note or Trust Deed and that defendants have

26

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTION, REMOVE CLOUD

no ownership or any other interest in the Note or Trust Deed that are the subject of this claim for declaratory relief.

14.

## SECOND CAUSE OF ACTION – PERMANENT INJUNCTION

Plaintiff re-alleges paragraphs 1 - 10.

15.

The sale of the Clarks' house by defendants would be unlawful because defendants have no connection to the Note or the Trust Deed and none of the defendants is a "person entitled to enforce" under Oregon's version of the UCC. By the sale of plaintiff's house, defendants are planning to violate a substantial, enforceable right.

16.

Furthermore, if this sale were allowed to occur, the Clarks would suffer irreparable injury, that is, the Clarks would have no adequate remedy at law. There is no adequate remedy at law because monetary damages are an inadequate remedy. No amount of money could compensate the Clarks for the loss of the residence they have lived in for 30 years.

17.

Oregon law allows plaintiffs to ask the court for an injunction to protect possessory rights, to prevent an execution sale, and to prevent a cloud on their title, all of which are threatened by defendants' pending sale.

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTION, REMOVE CLOUD

Richard W. Clark, Trustee
1810 Cameo Dr.
Eugene, OR 97405
541.221.5395
thegiftofplanning@gmail.com

6

18.

Plaintiffs respectfully request this court to issue an order enjoining defendants from conducting this sale and enjoining defendants from engaging in any other action regarding the subject property.

19.

**THIRD CAUSE OF ACTION – REMOVE CLOUD**

Plaintiff re-alleges and incorporates by reference each and every paragraph set forth above, as though fully set forth herein.

20.

This property is more particularly described as follows:  LOT 28, BLOCK 17 TENTH ADDITION TO NOB HILL, AS PLATTED AND RECORDED IN BOOK 69, PAGE 2, LANE COUNTY OREGON PLAT RECORDS, IN LANE COUNTY, OREGON.

21.

Plaintiff was granted this property on March 20, 1990 by a warranty deed from Hoover Construction Co., an Oregon corporation.

22.

Defendants claim an interest adverse to Plaintiff in that it caused a "Notice of Default and Election to Sell" to be recorded at the Deeds of Records of Lane County, Oregon. (Exhibit 1)

---

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT
INJUNCTION, REMOVE CLOUD

Richard W. Clark, Trustee
1810 Cameo Dr.
Eugene, OR 97405
541.221.5395
thegiftofplanning@gmail.com

7

23.

Defendants' recording of the "Notice of Default and Election to Sell" is unlawful because none of the defendants is a "person entitled to enforce" the Promissory Note granted by plaintiff to Bank United of Texas. None of the defendants is a beneficiary of the Trust Deed. And none of the defendants has any connection to the Promissory Note

24.

Plaintiffs respectfully request this Court to order the Clerk of Lane County Deeds and Records to remove the "Notice of Default and Election to Sell." (Exhibit 1)

25.

Plaintiff prays for a judgment removing the cloud—Notice of Default and Election to Sell—and ordering its deletion from the Deeds and Records of Lane County.

26.

Plaintiff respectfully requests the Court to do the following:

1.  Declare that defendants are not entitled to enforce plaintiff's Promissory Note or Trust Deed and that defendants have no ownership or any other interest in the Note or Trust Deed (Exhibits 4 and 5) that are the subject of this claim for declaratory relief.

2.  Issue an order enjoining defendants from conducting this sale and enjoining defendants from engaging in any other action regarding the subject property.

---

COMPLAINT FOR DECLARATORY JUDGMENT, PERMANENT INJUNCTION, REMOVE CLOUD

Richard W. Clark, Trustee
1810 Cameo Dr.
Eugene, OR 97405
541.221.5395
thegiftofplanning@gmail.com

8

3. Issue an order to remove the cloud—i.e., the Notice of Default and Election to Sell—and to delete it from the Deeds and Records of Lane County.

Respectfully, submitted by:

_Richard W Clark_                    _January_ 17, 2020
Richard W. Clark                         Date

**NOTICE OF DEFAULT
AND ELECTION TO SELL**

| Lane County Clerk | **2019-059810** |
|---|---|
| Lane County Deeds & Records | 12/30/2019 02:30:39 PM |
| RPR-NTD          Cnt=1 Stn=40 CASHIER 01 6pages | |
| $30.00 $11.00 $10.00 $61.00 | **$112.00** |

RE: Trust Deed from MERRI SUE CLARK AND
RICHARD W. CLARK, WIFE AND HUSBAND,
Grantor

To  QUALITY LOAN SERVICE CORPORATION OF
WASHINGTON - Successor Trustee

After recording return to:
Quality Loan Service Corporation of Washington
c/o Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108

TS No: OR-19-867882-BB

**CERTIFICATE OF COMPLIANCE RECORDED ON 12/19/2019 UNDER INSTRUMENT NO. 2019-058219
IN THE RECORDS OF LANE COUNTY, OREGON.**

Reference is made to that certain trust deed made by **MERRI SUE CLARK AND RICHARD W. CLARK, WIFE AND HUSBAND** as grantor, to **CASCADE ESCROW**, as trustee, in favor of **BANK UNITED OF TEXAS FSB**, as beneficiary, dated 5/6/1993, recorded 5/12/1993, in the Records of LANE County, Oregon, as fee/file/instrument/microfilm/reception No. 9328402 and subsequently assigned or transferred by operation of law to **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** covering the following described real property situated in the above-mentioned county and state.

      APN: 18-03-08-14-00134   1119468

LOT 28, BLOCK 17, TENTH ADDITION TO NOB HILL, AS PLATTED AND RECORDED IN BOOK 69, PAGE 2, LANE COUNTY OREGON PLAT RECORDS, IN LANE COUNTY, OREGON.

The undersigned hereby certifies that based upon business records there are no known written assignments of the trust deed by the trustee or by the beneficiary and no appointments of a successor trustee have been made, except as recorded in the records of the county or counties in which the above described real property is situated. Further, no action has been instituted to recover the debt, or any part thereof, now remaining secured by the trust deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.752(7).

There is a default by grantor or other person owing an obligation, performance of which is secured by the trust deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of such provision. The default for which foreclosure is made is grantor's failure to pay when due the following sum:

| | |
|---|---|
| TOTAL REQUIRED TO REINSTATE: | <u>$23,741.34</u> |
| TOTAL REQUIRED TO PAYOFF: | <u>$255,411.58</u> |

Because of interest, late charges, and other charges that may vary from day-to-day, the amount due on the day you pay may be greater. It will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay.

By reason of the default, the beneficiary has declared all sums owing on the obligation secured by the trust deed immediately due and payable, those sums being the following, to- wit:

Exhibit 1, page 1 of 4

**The installments of principal and interest which became due on 9/1/2018, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

Notice hereby is given that the beneficiary and trustee, by reason of default, have elected and do hereby elect to foreclose the trust deed by advertisement and sale pursuant to ORS 86.705 to 86.815, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which grantor had, or had the power to convey, at the time of the execution by grantor of the trust deed, together with any interest grantor or grantor's successor in interest acquired after the execution of the trust deed, to satisfy the obligations secured by the trust deed and the expenses of the sale, including the compensations of the trustee as provided by law, and the reasonable fees of trustee's attorneys.

The Sale will be held at the hour of **1:00 PM**, in accord with the standard of time established by ORS 187.110 on **5/13/2020**, at the following place: **At the Front Entrance to the Lane County Courthouse, located 125 East 8th Avenue, Eugene, OR 97401** County of **LANE**, State of Oregon, which is the hour, date and place last set for sale.

Other than as shown of record, neither the beneficiary nor the trustee has any actual notice of any person having or claiming to have any lien upon or interest in the real property hereinabove described subsequent to the interest of the trustee in the trust deed, or of any successor in interest to grantor or of any lessee or other person in possession of or occupying the property, except:

<u>Name and Last Known Address and Nature of Right, Lien or Interest</u>

Merri Clark
1810 Cameo Dr
Eugene, OR 97405
Original Borrower

Richard Clark
1810 Cameo Dr
Eugene, OR 97405
Original Borrower

Notice is further given that any person named in ORS 86.778 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing any other default complained of herein that is capable of being cured by tendering the performance required under the obligation or trust deed, and in addition to paying the sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and trust deed, together with trustee's and attorney fees not exceeding the amounts provided by ORS 86.778.

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to this grantor as well as any other person owing an obligation, the performance of which is secured by the trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As

Exhibit 1, page 2 of 4

required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

**Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.**

**NOTICE TO TENANTS: TENANTS OF THE SUBJECT REAL PROPERTY HAVE CERTAIN PROTECTIONS AFFORDED TO THEM UNDER ORS 86.782 AND POSSIBLY UNDER FEDERAL LAW. ATTACHED TO THIS NOTICE OF DEFAULT, AND INCORPORATED HEREIN, IS A NOTICE TO TENANTS THAT SETS FORTH SOME OF THE PROTECTIONS THAT ARE AVAILABLE TO A TENANT OF THE SUBJECT REAL PROPERTY AND WHICH SETS FORTH CERTAIN REQUIREMENTS THAT MUST BE COMPLIED WITH BY ANY TENANT IN ORDER TO OBTAIN THE AFFORDED PROTECTION, AS REQUIRED UNDER ORS 86.771.**

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Exhibit 1, page 3 of 4

TS No: OR-19-867882-BB

Dated:

12/27/19

**Quality Loan Service Corporation of Washington, as Trustee**

Signature By _____

**Shawn Sta Ines, Assistant Secretary**
**Quality Loan Service Corporation of Washington**

Trustee's Mailing Address:
Quality Loan Service Corp. of Washington
C/O Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202, Seattle, WA 98104
Toll Free: (866) 925-0241

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of: California

County of: San Diego

On ___DEC 2 7 2019___ before me, **Katherine A. Davis** a notary public, personally appeared Shawn Sta Ines who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.            **(Seal)**

Signature _____

Katherine A. Davis

> KATHERINE A. DAVIS
> Notary Public - California
> San Diego County
> Commission # 2269219
> My Comm. Expires Dec 29, 2022

Exhibit 1, page 4 of 4

# TRUSTEE'S NOTICE OF SALE

T.S. No.: OR-19-867882-BB

Reference is made to that certain deed made by, **MERRI SUE CLARK AND RICHARD W. CLARK, WIFE AND HUSBAND** as Grantor to CASCADE ESCROW, as trustee, in favor of **BANK UNITED OF TEXAS FSB**, as Beneficiary, dated 5/6/1993, recorded 5/12/1993, in official records of LANE County, Oregon as fee/file/instrument/microfilm/reception number 9328402 and subsequently assigned or transferred by operation of law to **U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust** covering the following described real property situated in said County, and State.

APN: 18-03-08-14-00134   1119468

LOT 28, BLOCK 17, TENTH ADDITION TO NOB HILL, AS PLATTED AND RECORDED IN BOOK 69, PAGE 2, LANE COUNTY OREGON PLAT RECORDS, IN LANE COUNTY, OREGON.

Commonly known as:   1810 Cameo Dr, Eugene, OR 97405

The undersigned hereby certifies that based upon business records there are no known written assignments of the trust deed by the trustee or by the beneficiary and no appointments of a successor trustee have been made, except as recorded in the records of the county or counties in which the above described real property is situated. Further, no action has been instituted to recover the debt, or any part thereof, now remaining secured by the trust deed, or, if such action has been instituted, such action has been dismissed except as permitted by ORS 86.752(7).

Both the beneficiary and the trustee have elected to sell the said real property to satisfy the obligations secured by said trust deed and notice has been recorded pursuant to Section 86.752(3) of Oregon Revised Statutes.

There is a default by grantor or other person owing an obligation, performance of which is secured by the trust deed, or by the successor in interest, with respect to provisions therein which authorize sale in the event of such provision. The default for which foreclosure is made is grantor's failure to pay when due the following sum:

TOTAL REQUIRED TO REINSTATE:          $23,741.34
TOTAL REQUIRED TO PAYOFF:             $255,411.58

Because of interest, late charges, and other charges that may vary from day-to-day, the amount due on the day you pay may be greater. It will be necessary for you to contact the Trustee before the time you tender reinstatement or the payoff amount so that you may be advised of the exact amount you will be required to pay.

By reason of the default, the beneficiary has declared all sums owing on the obligation secured by the trust deed immediately due and payable, those sums being the following, to- wit:

> **The installments of principal and interest which became due on 9/1/2018, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.**

Whereof, notice hereby is given that QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, the undersigned trustee will on 5/13/2020 at the hour of 1:00 PM, Standard of Time, as established by section 187.110, Oregon Revised Statues, At the Front Entrance to the Lane County Courthouse, located 125 East 8th Avenue, Eugene, OR 97401 County of LANE, State of Oregon, sell at public auction to the highest bidder for cash the interest in the said described real property which the grantor had or had power to convey at the time of the execution by him of the said trust deed, together with any interest which the grantor or his successors in interest acquired after

Exhibit 2, page 1 of 3

the execution of said trust deed, to satisfy the foregoing obligations thereby secured and the costs and expenses of sale, including a reasonable charge by the trustee. Notice is further given that any person named in Section 86.778 of Oregon Revised Statutes has the right to have the foreclosure proceeding dismissed and the trust deed reinstated by payment to the beneficiary of the entire amount then due (other than such portion of said principal as would not then be due had no default occurred), together with the costs, trustee's and attorney's fees and curing any other default complained of in the Notice of Default by tendering the performance required under the obligation or trust deed, at any time prior to five days before the date last set for sale.

Other than as shown of record, neither the beneficiary nor the trustee has any actual notice of any person having or claiming to have any lien upon or interest in the real property hereinabove described subsequent to the interest of the trustee in the trust deed, or of any successor in interest to grantor or of any lessee or other person in possession of or occupying the property, except:

<u>Name and Last Known Address and Nature of Right, Lien or Interest</u>

Merri Clark
1810 Cameo Dr
Eugene, OR 97405
Original Borrower

Richard Clark
1810 Cameo Dr
Eugene, OR 97405
Original Borrower

**For Sale Information Call: 800-280-2832 or Login to: www.auction.com**

In construing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to this grantor as well as any other person owing an obligation, the performance of which is secured by the trust deed, and the words "trustee" and "beneficiary" include their respective successors in interest, if any.

Pursuant to Oregon Law, this sale will not be deemed final until the Trustee's deed has been issued by **QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**. If any irregularities are discovered within 10 days of the date of this sale, the trustee will rescind the sale, return the buyer's money and take further action as necessary.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

**Without limiting the trustee's disclaimer of representations or warranties, Oregon law requires the trustee to state in this notice that some residential property sold at a trustee's sale may have been used in manufacturing methamphetamines, the chemical components of which are known to be toxic. Prospective purchasers of residential property should be aware of this potential danger before deciding to place a bid for this property at the trustee's sale.**

<u>**NOTICE TO TENANTS:**</u> **TENANTS OF THE SUBJECT REAL PROPERTY HAVE CERTAIN PROTECTIONS AFFFORDED TO THEM UNDER ORS 86.782 AND POSSIBLY UNDER FEDERAL LAW. ATTACHED TO THIS NOTICE OF SALE, AND INCORPORATED HEREIN, IS A NOTICE TO**

T.S. No.: **OR-19-867882-BB**

Exhibit 2, page 2 of 3

TENANTS THAT SETS FORTH SOME OF THE PROTECTIONS THAT ARE AVAILABLE TO A TENANT OF THE SUBJECT REAL PROPERTY AND WHICH SETS FORTH CERTAIN REQUIRMENTS THAT MUST BE COMPLIED WITH BY ANY TENANT IN ORDER TO OBTAIN THE AFFORDED PROTECTION, AS REQUIRED UNDER ORS 86.771.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TS No: OR-19-867882-BB

Dated:

12\30\19

**Quality Loan Service Corporation of Washington, as Trustee**

Signature By: _____

**Shawn Sta Ines, Assistant Secretary**

Trustee's Mailing Address:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202, Seattle, WA 98104
Toll Free: (866) 925-0241

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
108 1st Ave South, Suite 202, Seattle, WA 98104
Toll Free: (866) 925-0241

T.S. No.: OR-19-867882-BB          Exhibit 2, page 3 of 3

6/9/2016 11:05:28 AM
161420692

## IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF LANE

WELLS FARGO BANK, N.A., ITS
SUCCESSORS IN INTEREST AND/OR
ASSIGNS,

              Plaintiff,

    v.

MERRI SUE CLARK, AS TRUSTEE OF
THE RICHARD W. CLARK AND MERRI
SUE CLARK REVOCABLE LIVING TRUST
UNDER TRUST AGREEMENT DATED
JULY 26, 1994; MERRI SUE CLARK,
INDIVIDUALLY; RICHARD W. CLARK
AKA RICHARD WARREN CLARK, AS
TRUSTEE OF THE RICHARD W. CLARK
AND MERRI SUE CLARK REVOCABLE
LIVING TRUST UNDER TRUST
AGREEMENT DATED JULY 26, 1994;
RICHARD W. CLARK AKA RICHARD
WARREN CLARK, INDIVIDUALLY;
SELCO COMMUNITY CREDIT UNION;
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION; R.J. ALLDRITT AKA ROY
J. LLDRITT; PATRICE L. ALDRITT;
LAURENCE LARSON; STATE OF
OREGON; UNITED STATES OF AMERICA;
TENTH ADDITION HOME OWNERS
ASSOCIATION; AND OCCUPANTS OF
THE PREMISES,

              Defendants.

Case No. 161420692

**NOTICE OF SUBSTITUTION OF
COUNSEL**

**[UTCR3.140]**

    THE UNDERSIGNED hereby gives notice that attorney Shannon K. Calt of the law firm

Aldridge Pite, LLP is substituting in as counsel of record for Plaintiff WELLS FARGO BANK,

N.A., ITS SUCCESSORS IN INTEREST AND/OR ASSIGNS ("Plaintiff") in place of Calvin A

Page 1 –SUBSTITUTION OF COUNSEL

Aldridge Pite, LLP
111 SW Columbia Street, Suite 950
Portland, OR 97201
(858) 750-7600

Exhibit 3, page 1 of 2

1  Knickerbocker III, RCO Legal, P.C.  All further correspondence and pleadings regarding this

2  case shall be directed to:

3                                Shannon K. Calt
                                Aldridge Pite, LLP
4                      111 SW Columbia Street, Suite 950
                            Portland, OR 97201
5                               (858) 750-7600
                            (503) 222-2260 (facsimile)
6                           scalt@aldridgepite.com

7
          There are no scheduled hearings or trial dates.
8

9                                ALDRIDGE PITE, LLP

10

11  Dated:  6/8/16                By: _____

12                                Shannon K. Calt, OSB #121855
                                WSBA # 44472 AK # 1212137
12                                (858) 750-7600; (503) 222-2260 (Facsimile)
                                scalt@aldridgepite.com
13

14                                Of Attorneys for Plaintiff
                                WELLS FARGO BANK, N.A., ITS
15                                SUCCESSORS IN INTEREST AND/OR
                                ASSIGNS

16

17

18

19

20

21

22

23

24

25

Page 2 –SUBSTITUTION OF COUNSEL

Exhibit 3, page 2 of 2

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT WELLS FARGO BANK, N.A.

**NOTE**

MAY 09            , 19 03            EUGENE            , OREGON

1810 GAMES ST., EUGENE, OREGON 97401

**1. BORROWER'S PROMISE TO PAY**

**2. INTEREST**

**3. PAYMENTS**

(A) Time and Place of Payments

(B) Amount of Monthly Payments

**4. BORROWER'S RIGHT TO PREPAY**

**5. LOAN CHARGES**

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

(B) Default

(C) Notice of Default

(D) No Waiver By Note Holder

(E) Payment of Note Holder's Costs and Expenses

**7. GIVING OF NOTICES**

MULTISTATE FIXED RATE NOTE

Exhibit 4, page 1 of 2



## OBLIGATIONS OF PERSONS UNDER THIS NOTE

## WAIVERS

## UNIFORM SECURED NOTE

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

RICHARD W. CLARK

[Sign Original Only]

EXHIBIT

PAGE _____ OF _____

Exhibit 4, page 2 of 2



"RETURN TO CASCADE TITLE CO."
CT. 192977

RETURN TO:
BANK UNITED OF TEXAS FSB
DBA COMMONWEALTH UNITED MTG
P.O. BOX 4117
PORTLAND, OREGON 97208

9328402

[Space Above This Line For Recording Data]

## DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on MAY 6TH, 1993
The grantor is NERRI SUE CLARK AND RICHARD W. CLARK ; WIFE AND HUSBAND.

CASCADE ESCROW                                                    ("Borrower"). The trustee is

("Trustee"). The beneficiary is
BANK UNITED OF TEXAS FSB
which is organized and existing under the laws of THE UNITED STATES                and whose address is
3200 SOUTHWEST FREEWAY, #2000, HOUSTON, TEXAS 77027

("Lender"). Borrower owes Lender the principal sum of
ONE HUNDRED TWENTY FOUR THOUSAND ONE HUNDRED AND 00/100
Dollars (U.S. $ 124100.00    ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on
JUNE 1ST, 2023.          This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other
sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of
Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following described property located in
LANE                                             County, Oregon:
LOT 28, BLOCK 17, TENTH ADDITION TO NOB HILL, AS PLATTED AND
RECORDED IN BOOK 69, PAGE 2, LANE COUNTY OREGON PLAT RECORDS, IN
LANE COUNTY, OREGON.

which has the address of    1810 CAMEO DR    [Street]    EUGENE
Oregon           97405           ("Property Address");
       [Zip Code]

OREGON - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3038  9/90  (page 1 of 6 pages)
ITEM 1947 (9012)                                                          Great Lakes Business Forms, Inc.
                                                                         To Order Call: 1-800-530-9393 □ FAX 616-791-1131

Exhibit 5, page 1 of 6

EXHIBIT
PAGE ___ OF ___

9328402

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the

Form 3038 9/90 (page 2 of 6 pages)

9328402

periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. Protection of Lender's Rights in the Property. If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. Mortgage Insurance. If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

9. Inspection. Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any

Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT – Uniform Covenants  9/90   (page 3 of 6 pages)

Great Lakes Business Forms, Inc. ▯▯
To Order Call: 1-800-530-9393 ▯ FAX 616-791-1131

Exhibit 5, page 3 of 6

EXHIBIT ▯
PAGE ▯ OF ▯

9328402

condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Loan Charges. If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

14. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

15. Governing Law; Severability. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

16. Borrower's Copy. Borrower shall be given one conformed copy of the Note and of this Security Instrument.

17. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

18. Borrower's Right to Reinstate. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as

Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT – Uniform Covenants 9/90    (page 4 of 6 pages)

Exhibit 5, page 4 of 6

<table>
<tr><td>EXHIBIT</td><td></td></tr>
<tr><td>PAGE</td><td>OF</td></tr>
</table>

**9328402**

applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

19. Sale of Note; Change of Loan Servicer. The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

20. Hazardous Substances. Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall give notice of sale in the manner prescribed by applicable law to Borrower and to other persons prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs.

23. Substitute Trustee. Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

Form 3038  9/90  *(page 5 of 6 pages)*

Exhibit 5, page 5 of 6

EXHIBIT
PAGE ___ OF ___

9328402

24. **Attorneys' Fees.** As used in this Security Instrument and in the Note, "attorneys' fees" shall include any attorneys fees awarded by an appellate court.

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ 1-4 Family Rider |
| ☐ Graduated Payment Rider | ☒ Planned Unit Development Rider | ☐ Biweekly Payment Rider |
| ☐ Balloon Rider | ☐ Rate Improvement Rider | ☐ Second Home Rider |
| ☐ Other(s) [specify] | | |

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____

_____    _____ (Seal)
                                    MERRI SUE CLARK                     -Borrower
                                    Social Security Number  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

                                    _____ (Seal)
                                    RICHARD W. CLARK                    -Borrower
                                    Social Security Number  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

STATE OF OREGON,                                     LANE            County ss:

   On this        7        day of      MAY , 1993        , personally appeared the above named
MERRI SUE CLARK AND RICHARD W. CLARK                                    and acknowledged
the foregoing instrument to be    THEIR    voluntary act and deed.

(Official Seal)                                        Before me:
My Commission expires:    6/4/96                        _____
                                                              Notary Public for Oregon

        OFFICIAL SEAL
        LESLIE J. HUGHES
        NOTARY PUBLIC-OREGON
        COMMISSION NO. 014573        REQUEST FOR RECONVEYANCE
        MY COMM. EXPIRES JUNE 4, 1996

TO TRUSTEE:
        The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date: _____        _____

                                            Form 3038  9/90  (page 6 of 6 pages)

Exhibit 5, page 6 of 6

EXHIBIT _____
PAGE _____ OF _____

Verified Correct Copy of Original 12/8/2015.

FILED

15 DEC -7 PM 4: 05

CIY UIT COURT OF OREGON
FOR LANE COUNTY

BY _____

IN THE CIRCUIT COURT OF THE STATE OF OREGON

COUNTY OF LANE

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | ) | Case No. 161420692 |
| | ) | |
| Plaintiff, | ) | **DEFENDANTS' MOTIONS TO DISMISS:** |
| | ) | **PLAINTIFF LACKS STANDING;** |
| v. | ) | **PLAINTIFF IS NOT THE REAL PARTY** |
| | ) | **IN INTEREST** |
| MERRI SUE CLARK and | ) | |
| RICHARD W. CLARK, | ) | **Oral Argument Requested** |
| Individually and as Trustees, et al. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

1.

Defendants request oral argument. The estimated time for oral arguments is 15

minutes. Official court reporting services are requested. The Court must allow oral

argument on a motion if requested by a party. UTCR 5.050 (1) says that "[t]here must be

oral argument if requested by the moving party in the caption of the motion or by a

responding party in the caption of a response." The use of the word "must" does not allow

for exceptions or the Court's discretion.

161420692
MODM
Motion -- Dismissal
3902391

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

1

Exhibit 6, page 1 of 12

_ Verified Correct Copy of Original 12/8/2015._

2.

Pursuant to UTCR 5.010 (3), Defendants conferred on the issues in dispute with Randall Szabo, attorney for Plaintiff Wells Fargo. This statement certifies compliance with that rule. Defendants ascertained the position of Plaintiff as required by Lane County SLR 5.005(4). Plaintiff opposes Defendants' motions.

3.

Defendants move this Court for an order dismissing Plaintiff's claims against them because Plaintiff lacks standing to pursue this action. Furthermore, even if Plaintiff did have standing, it is not the real party in interest under ORCP 26 A.

4.

SUMMARY OF ARGUMENT

Standing is the legal or equitable right, title, or interest in the subject matter of the controversy that entitles a party to invoke the jurisdiction of the court. As the court in *Nordbye v. BRCP/GM Ellington* stated it, "Standing is the concept that 'identifies whether a party to a legal proceeding possesses a status or qualification necessary for the assertion, enforcement, or adjudication of legal rights or duties." 271 Or App 168, 175 (2015), citing *Kellas v. Dept. of Corrections*, 341 Or 471, 476-77, 145 P3d 139 (2006) Plaintiff does not, by its own admission, have any interest in the subject matter of the legal action it brought, which is the obligation evidenced by the Promissory Note that is the subject of this legal action. Plaintiff admits that it did not have possession of the Note when it initiated this legal action nor does it currently have possession of the Note, which is required under Oregon law. Any interest it may have had in Defendants' Deed of Trust followed the

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

2

Exhibit 9, page 2 of 12

Verified Correct Copy of Original 12/8/2015.

interest of the Promissory Note. The only allegation linking Plaintiff to the Note is the allegation that Plaintiff was assigned the rights of a person entitled to enforce. But Oregon law requires that a non-holder with the rights to enforce to Note must have possession of the Note.

### 5.

The bottom line is that if Plaintiff were to obtain a judgment against Defendants and Defendants paid that judgment, Defendants would still be obligated to pay the same obligation to the real owner of the Note. Currently, LSF9 Master Participation Trust claims ownership of the loan and Wells Fargo transferred its rights to service the loan on November 17, 2015 to Caliber Home Loans, Inc. (Exhibits A, B) So Wells Fargo in this legal action is demanding payment, but at the same time it is saying: "Don't pay us, pay Caliber Home Loans, Inc."

### 6.
### POINTS AND AUTHORITIES

**I.  Plaintiff does not have standing to bring this legal action; therefore, this action must be dismissed.**

Plaintiff Wells Fargo does not have standing to bring this legal action because it has not demonstrated that a decision would have a practical effect on it. *Utsey v. Coos County*, 176 Or App 524, 32 P3d 933 (2001). Plaintiff does not claim to have possession of the Note nor does it allege that it lost the Note while it was a "person entitled to enforce" the Note. Nor does it allege that it has any kind of ownership interest in the Note. Therefore, it does not have a "personal stake in the outcome," as required by Oregon courts, according to *Utsey* citing eight Oregon cases. As the *Utsey* court stated, it is the plaintiff's obligation to demonstrate that it had

---

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

3

Exhibit 6, page 3 of 12

Verified Correct Copy of Original 12/8/2015.

a personal stake in the outcome to satisfy the standing requirement. *Utsey v. Coos County*, 176 Or App 524, 32 P3d 933, 942 (2001)

**7.**

Plaintiff alleges in its second amended complaint that it was assigned the rights of person entitled to enforce, but such an allegation does not give it a "personal stake in the outcome" as held in *Investment Service v. Martin Bros.*, 255 Or 192 (1970) because only a person in possession of the Note or one who had the right to enforce it when it was lost has any personal stake in the outcome.

**8.**

The question in that case was whether a plaintiff bank could recover as a "holder" when it did not have possession of the negotiable instrument. The Court's holding was clear: "We hold that under the UCC, as well as the NIL, the plaintiff must prove the instrument is in its possession if it is not shown to be lost." *Investment Service v. Martin Bros.*, 255 Or 192, 465 Pd 868 (1970)

**9.**

Furthermore, the court in *Investment Service v. Martin Bros* held that the plaintiff suing to enforce a negotiable instrument must have possession of the negotiable instrument at the commencement of the legal action. To begin an action, the Court explained, "one must be a holder and to be a holder one must be in possession." And "[o]ur decisions are to the effect that a cause of action or suit must exist at the commencement of the litigation and litigation is premature if a necessary element of the cause of action does not occur until after the commencement of the action." *Investment Service v. Martin Bros.*, 255 Or 192, 465 Pd 868 (1970).

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
wantonpeaceclark@yahoo.com

4

Exhibit **G**, page 4 of 12

_ Verified Correct Copy of Original 12/8/2015._

10.

Plaintiff has admitted that it did not have possession of the Note at the commencement

of the action as demonstrated in its responses to Defendants' Requests for Admission. (Exhibit

C)

**"Request No. 1.** At the time it initiated this legal action, Plaintiff Wells Fargo, N.A. (hereinafter "Wells Fargo") did not have possession of the Promissory Note that is the subject of its complaint attached as its Exhibit 2, attached hereto as Exhibit A.

**Response No. 1:** Having conducted search and inquiry into the date of possession, Wells Fargo is unable to conclusively verify whether it had possession of the note at the time of initiation of this action.

**Request No. 2.** At the present time, Wells Fargo does not have possession of the Promissory Note that is the subject of its complaint attached as its Exhibit 2 and attached herein as Exhibit A.

**Response No. 2:** Admit to the extent that Wells Fargo is unable to verify possession of the Original Note.

Without possession of the Note, Plaintiff did not have a cause of action and the rule of law

established by the Oregon Supreme Court in *Investment Service v. Martin Bros*. requires that

this legal action must be dismissed because Plaintiff did not have standing.

11.

Plaintiff alleges that it was assigned the right to enforce the Note. But under Oregon's

Uniform Commercial Code, such an assignation is not sufficient. It is true under Oregon law

that a non-holder of a Note can be a person entitled to enforce it but only if the non-holder is in

possession of the Note. ORS 73.0301

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Exhibit Q, page 5 of 12

Verified Correct Copy of Original 12/8/2015.

12.

Moreover, Plaintiff transferred to Caliber Home Loans, Inc., whatever rights it had to enforce the Note. In a letter dated October 27, 2015, Plaintiff stated: "Effective November 17, 2015, the servicing of your mortgage loan is being transferred to Caliber Home Loans, Inc." (Exhibit B) Caliber acknowledged this transfer in a letter dated "11/24/15", in which it stated: "WELLS FARGO HOME MORTGAGE will stop accepting payments received from you after November 16, 2015. Your new servicer, Caliber Home Loans, Inc., will collect your payments going forward." (Exhibit D).

13.

Even if Plaintiff had a right to enforce the Note at the beginning of the litigation, which they didn't, they must retain the right to enforce throughout the litigation under *Utsey*, which states: "The courts have held that this aspect of justiciability [having a personal stake in the outcome] must remain satisfied throughout the litigation, not just at the time of filing. Thus, if a claim is justiciable at the time of filing, but events transpire that later would deprive a court decision of a practical effect on the plaintiff or petitioner, the claim is no longer considered justiciable." *Utsey v. Coos County*, 32 P3d at 942 Although there is no evidence that Plaintiff had a right to enforce the Note when they initiated this legal action, they transferred whatever rights they did have on November 16, 2015, less than a month ago. There is now no evidence at all that Plaintiff Wells Fargo has any connection to the Note that is the subject of their legal action.

6

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

Exhibit G, page 6 of 12

_ Verified Correct Copy of Original 12/8/2015..

14.

In the absence of any evidence showing any interest in the Note, Plaintiff's legal action should be dismissed because Plaintiff lacks any "personal stake in the outcome," and thus lacks standing.

15.

**II.  Plaintiff is not the real party in interest in this legal action; therefore, this action must be dismissed.**

Even if Plaintiff had standing, it is by its own admission not a real party in interest. "ORCP 21 A(6) provides that a complaint may be dismissed on the ground that 'the party asserting the claim is not the real party in interest.' The rule flows from ORCP 26 A, which requires that

> '[e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that party's own name without joining the party for whose benefit the action is brought[.]'

Case law describes the rule as recognizing two classes of persons who may be regarded as "real parties in interest" under ORCP 26 A. First, there is the class of parties who will be "benefitted or injured by the judgment in the case." *Association of Unit Owners v. Dunning*, 187 Or App 595, 607, 69 P3d 788 (2003). Second, there is the class of persons who are 'statutorily authorized to bring an action.' *Id.*"

16.

Plaintiff would not be either benefited or injured by the judgment in this case. If a judgment were entered against Defendants in this case, the money ordered to be paid would

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

7

Exhibit 6, page 7 of 12

Verified Correct Copy of Original 12/8/2015.

have to be paid to the person entitled to enforce the Note. And Plaintiff is not a person entitled to enforce this Note.

### 17.

Without a right to enforce the note, Defendant does not have a right to enforce the trust deed. As the Oregon Supreme Court recently stated in *Brandrup v. ReconTrust Co.*, "[a] fundamental principle in mortgage law holds that a foreclosing party must have the power to enforce the underlying note. *See United States Nat. Bank v. Holton*, 99 Or 419, 429, 195 P 823 (1921) ("It has always been the law of this state that the assignment of the note carries the mortgage ***. The assignment of a mortgage independent of the debt which it is given to secure, is an unmeaning ceremony.") That concern underlies the standard doctrine in judicial foreclosure proceedings that the foreclosing party must provide proof that it has the power to enforce the note." *Brandrup v. ReconTrust Co.*, 353 Or 668, 688 (2013).

### 18.

As a recent 9th Circuit case interpreting Oregon law put it, "without any evidence tending to show it was a 'person entitled to enforce' the Note, or that it has an interest in the Note, Wells Fargo has shown no right to enforce the Mortgage securing the Note." *In re Veal*, 450 B.R. 897, 918 (2011) As the official comment (e) to §5.4 of the *Restatement (Third) of Property (Mortgages)* says: "In general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation." Similarly, "When a note is split from a deed of trust 'the note becomes, as a practical matter, unsecured.'" *Restatement, supra*, comment a. Finally, "A mortgage may be enforced only by, or in behalf of, a person

---

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warreapeaceclark@yahoo.com

8

Exhibit 9, page 8 of 12

who is entitled to enforce the obligation the mortgage secures." *Restatement, supra,* § 5.4(c).

19.

Cases from around the country interpreting these UCC provisions agree. E.g., *In re Foreclosure Cases,* 521 F.Supp.2d 650, 653, (S.D. Ohio 2007), finding that one who did not acquire the note which the mortgage secured is not entitled to enforce the lien of the mortgage; *In re Mims,* 428 B.R. 52, 56 (Bankr. S.D.N.Y. 2010): "Under New York law 'foreclosure of a mortgage may not be brought by one who has no title to it." *See, also, Bank of Lexington v. Jack Adams Aircraft Sales,* 570 F.2d 1220 (5th Cir. 1978); *In re G.O. Harris Financial Corp.* 51 B.R. 100 (Bankr. S.D.Fla. 1985); *Sobel v. Mutual Development, Inc.,* 313 So.2d 77 Fla.Dist.Ct.App.1975); *In re Vargas,* 396 B.R. 511, 516 (2008); *In re Van Eck,* 425 B.R. 54, 61 (2010); *In re Tucker,* 441 B.R. 638, 641 (2010); *Chase Home Finance v. Fiquiere,* 119 Conn.App. 570, 576, 989 A.2d 606, 611 (2010); *Bankers Trust Co. of California, N.A. v. Vaneck,* 95 Conn.App. 390, 392, 899 A.2d 41, 42 (2006); *Leyva v. National Default Servicing Corp.,* 255 P.3d 1275, 1280 (2011).

20.

On October 4, 2013, Plaintiff wrote to Defendants claiming to be the "servicing agent for Federal National Mortgage Association," which it alleged to be the current holder of a Deed of Trust secured by real property located at 1810 Cameo Drive, Eugene, OR [Defendants' residence] (Exhibit E) Of course, the beneficial interest in the Deed of Trust follows the Note and the possessor of the Note is unknown, so Plaintiff's statement is meaningless as to who has the rights to enforce. What is extremely meaningful, however, is that <u>Plaintiff</u> does not claim a beneficial interest in the Deed of Trust. Because Plaintiff has no beneficial interest in the Deed

---

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

9

*Exhibit G, page 9 of 12*

_Verified Correct Copy of Original 12/8/2015._

Verified Correct Copy of Original 12/8/2015.

of Trust, Plaintiff cannot benefit from a judgment against Defendant; neither can Plaintiff be injured from a judgment in this case.

### 21.

If a plaintiff can neither benefit from nor be injured by a judgment, it can still bring an action in its own name if it fits into one of the following classes: "an executor, administrator, guardian, conservator, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that party's own name without joining the party for whose benefit the action is brought."

### 22.

Plaintiff Wells Fargo has not alleged any facts that would qualify it for any of the preceding classes. Plaintiff has recently alleged in its Second Amended Complaint that it was assigned the right to enforce the Note. But there are no allegations of who assigned it the right to enforce or if the unknown assignor even had the right to enforce, so we have no way of knowing if the person who allegedly assigned the right to enforce actually had a right to enforce. Without those allegations, Plaintiff cannot be the real party in interest. Furthermore, ORS 73.0301 requires the assignee to have possession.

### 23.

**Who is the real party in interest?** Oregon's commercial code (ORS 73) makes it very clear who the real party in interest is: it is the person who is entitled to enforce the Note. It doesn't get any simpler than that. That person, and only that person, is the real party in interest. Under Oregon's commercial code, there are three—and only three—categories of persons who are entitled to enforce. The first two require possession of the Note: (1) a holder, which requires possession and (2) a non-holder in possession of the Note with the rights of a

---

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

10

Exhibit Ⓟ, page 10 of 12

_Verified Correct Copy of Original 12/8/2015.

holder. ORS 73.0301  The third category (3) is a person entitled to enforce the Note who lost

possession of the Note due to loss, destruction, or theft while that person had the right to

enforce that Note. ORS 73.0309

24.

Plaintiff Wells Fargo alleged in its Complaint and its First Amended Complaint to be a

holder, which requires possession of the Note. However earlier, in its 2013 letter (Exhibit E) it

claimed to be only the servicer of the loan for Federal National Mortgage Association, which it

alleged was the holder of Defendants' Deed of Trust. Then in July 17, 2014, its representative at

the Foreclosure mediation, Jerry Brito, stated that Federal National Mortgage Association was

the owner. Plaintiff has never provided any evidence of who has possession of the Note, so their

saying that Federal National Mortgage Association owns it is pure speculation.

25.

Defendants received a letter dated October 20, 2015 stating that "your mortgage loan has

been sold to LSF9 Master Participation Trust . . . [on] September 25, 2015." (Exhibit A) The

letter did not state who sold the mortgage loan nor did it provide any evidence that LSF9 Master

Participation Trust had possession of the Note or had any rights to enforce the Note. And in a

letter dated October 27, 2015, Plaintiff stated that it had transferred its servicing rights to

Caliber Home Loans, Inc. (Exhibit B) Plaintiff has made no allegations that give it standing to

pursue this legal action and show that it is the real party in interest.

26.
CONCLUSION

What is clear from all of the evidence, including the assumption that every factual

allegation made by Plaintiff is true, is that Plaintiff does not have standing to bring this legal

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST

Richard Clark
1810 Cameo Dr.
Eugene, OR 97405
541-221-5395
warrenpeaceclark@yahoo.com

Exhibit G, page 11 of 12

_ Verified Correct Copy of Original 12/8/2015 _

1  action and that Plaintiff is not the real party in interest. Its legal action of foreclosure must be

2  dismissed. Here's the bottom line:

3         Defendants could pay every penny asked for in Plaintiff's complaint. And their

4  obligation under their Note would not be discharged. Or even affected. The real person entitled

5  to enforce would still be entitled to the entire obligation again. And Wells Fargo would be

6  unjustly enriched.

7

8  Respectfully, submitted by:

9

10  _Richard W Clark_                              _Dec. 7, 2015_
    Richard W. Clark                              Date

11

12  _M. Clark_                                     _12/7/15_

13  Merri Sue Clark                               Date

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' MOTION TO DISMISS BECAUSE PLAINTIFF            Richard Clark
LACKS STANDING AND IS NOT THE REAL PARTY IN INTEREST      1810 Cameo Dr.
                                                          Eugene, OR 97405
                                                          541-221-5395
                                                          warrenpeaceclark@yahoo.com

12

Exhibit 6, page 12 of 12

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF LANE
125 E. 8th Ave.  Eugene Oregon  97401

**Case No:** 161420692

WELLS FARGO BANK, N.A.,

Plaintiff,

**ORDER**

v.

MERRI SUE CLARK, RICHARD W. CLARK
ET AL.,

Defendant.

THIS MATTER having come before the Court on Defendant's Motion to Dismiss, and the Court having reviewed the record;

IT IS HEREBY ORDERED that this motion be, and hereby is, GRANTED.

Signed: 1/13/2016 02:28 PM

_____

**Charles D. Carlson, Circuit Court Judge**

Exhibit 7