IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICHARD W. CLARK, as trustee of the Richard W. Clark and Merri Sue Clark Revocable Living Trust,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LSF9 MASTER PARTICIPATION TRUST, et al.<br><br>　　　　Defendants. | Civ. No. 6:20-cv-295-MC<br><br>OPINION AND ORDER |

**MCSHANE, Judge**:

Plaintiff, proceeding *pro se*, filed this action seeking to stop an attempted nonjudicial foreclosure sale of Plaintiff's home.[1] Plaintiff argues that because a previous state action resulted in a final adjudication on the merits against Wells Fargo's successor in interest, that the LSF9 Master Participation Trust lacks "any interest in plaintiff's real property or in any of plaintiff's loan obligations," and is not entitled to enforce the deed of trust. Compl. 1. According to Plaintiff, "the General Judgment [in the prior action] is a final adjudication of all issues between the Clarks and Wells Fargo and their successors in interest." Compl. ¶ 5. Plaintiff alleges that despite knowing

---

[1] The Court notes Richard Clark does not bring this claim on his own behalf, but rather "as trustee of the Richard W. Clark and Merri Sue Clark Revocable Living Trust." Compl. 1. There is no indication that Richard Clark is an attorney. The Court has doubts about Richard Clark's ability to bring this action pro se on behalf of the trust itself. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008). As no party raises this issue, and as the claims fail on the merits, the Court assumes, without deciding, that Plaintiff may in fact bring this action as trustee on behalf of the trust.

1 – OPINION AND ORDER

they lacked a legal basis to enforce the promissory note, Defendants sent a Trustee's Notice of Sale. Compl. ¶ 9.

Plaintiff seeks a declaratory judgment confirming "Defendants have no legal or equitable rights in the Note or Deed of Trust and that Defendants have no legal standing to institute a foreclosure proceedings on the property, and to enjoin Defendants from ever seeking to foreclose on the Property."[2] Compl. ¶ 11. Defendants have a different interpretation of the events at the prior judicial foreclosure proceedings (the "State Action") and move to dismiss.[3] ECF No. 15-16. The Court agrees with Defendants that Plaintiff's arguments here are fatally flawed.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could

---

[2] Plaintiff also seeks injunctive relief and request the Court order Lane County to remove any cloud on the property's title from the county land records.
[3] Plaintiff's filing of the First Amended Complaint renders the original motions to dismiss, ECF No. 8-9, moot.

2 – OPINION AND ORDER

not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

In arguing Defendants are forever barred from bringing any foreclosure proceedings, Plaintiff attaches an order from the State Action granting a motion to dismiss Wells Fargo's claim. Compl. Ex. 7. There are several problems with Plaintiff's argument. First, Wells Fargo voluntarily dismissed the State Action in January 2016. Request Judicial Notice ("RJN") Ex. M.[4] That dismissal noted Wells Fargo "files this Plaintiff's Notice of Voluntary Dismissal of this matter *without prejudice* and without an award of fees and costs to any party pursuant to ORCP 54(A)(1)." RJN Ex. M. In May 2016, the circuit judge signed a general judgment of dismissal, noting it granted Clark's motion to dismiss and the action was "*dismissed as to all parties without prejudice.*" Pl.'s Resp. Ex. I.

Plaintiff, however, chose to continue to pursue his counterclaims against Wells Fargo, successfully appealing the judgment dismissing without prejudice not only Wells Fargo's claim, but his own counterclaims. Three years after the general judgment dismissing Wells Fargo's claim without prejudice,[5] the parties filed a "STIPULATION FOR DISMISSAL WITH PREJUDICE OF DEFENDANTS RICHARD W. CLARK AND MERRI SUE CLARK'S COUNTERCLAIMS

---

[4] Defendant requests the Court take judicial notice of several public filings (i.e., documents filed in the county land records and documents from the State Action). Generally, a court may take judicial notice of "matters of public record" under Federal Rule of Evidence 201 so long as the facts are not subject to reasonable dispute, are incorporated into the complaint, and are from sources whose accuracy cannot be reasonably questioned. *Munson v. Wells Fargo Bank*, 2018 WL 6515131 at *2 (D. Or. Dec. 11, 2018,) (listing cases). All of the exhibits attached to the RJN are properly subject to judicial notice.

[5] While Plaintiff successfully appealed the dismissal without prejudice of his own counterclaims, no party appears to have appealed the dismissal without prejudice of Wells Fargo's claim for judicial foreclosure. *See Wells Fargo Bank, N.A. v. Clark*, 294 Or. App. 197, 199 (2018) (reversing dismissal of Clark's counterclaims "but otherwise affirm."). Stated differently, the Court of Appeals affirmed the circuit court's judgment dismissing without prejudice Wells Fargo's claim for judicial foreclosure. Plaintiff's allegation that the circuit judge "entered a Judgment dismissing Wells Fargo's claims, first without prejudice in 2016 and then with prejudice in 2020, resolving all issues between Wells Fargo and the Clarks" is not borne out by the documents subject to judicial notice. First Am. Compl. 2.

3 – OPINION AND ORDER

AGAINST WELLS FARGO BANK, N.A. AND ENTRY OF GENERAL JUDGMENT OF DISMISSAL." RJN Ex. N. That stipulation confirmed the parties "STIPULATE that *all of the Clarks counterclaims* . . . filed on January 11, 2016, are DISMISSED WITH PREJUDICE AND WITHOUT COSTS as to either parties. . . . The proposed judgment resolves *all pending claims* between Wells Fargo and the Clarks." RJN Ex. N. The circuit judge signed the proposed judgment. RJN Ex. O.

As noted, Plaintiff argues the judgment in the State Action is a final judgment on Wells Fargo's judicial foreclosure claim and, therefore, Wells Fargo (and its successors in interest) are barred from bringing any future foreclosure proceeding, be it judicial or nonjudicial. Plaintiff is mistaken. As noted above, the judgment in the State Action dismissed with prejudice "all of the Clarks counterclaims." RJN Ex. O. Further, although that judgment "resolve[d] all pending claims" between the parties, Wells Fargo voluntarily dismissed its judicial foreclosure claim three years earlier. In other words, Wells Fargo had no pending claim to be resolved by the 2019 State Court judgment (entered three years after the 2016 judgment dismissing Wells Fargo's claims without prejudice). The 2019 judgment applied solely to the Clarks' counterclaims in that State Action; i.e., the only claims pending at the time. For that reason alone, Plaintiff's argument that U.S. Bank Trust's current nonjudicial foreclosure proceedings are barred by the doctrine of claim preclusion is meritless.

Additionally, as noted by Defendant, claim and issue preclusion apply only to "successive litigation." Reply 2 (quoting *Stork v. Flagstar Bank, FSB*, 2013 WL 3043661 at **2, 4 (D. Or. June 12, 2013)). A nonjudicial foreclosure, however, by definition is not "successive litigation." The Oregon Trust Deed Act specifically provides that a trustee may not initiate nonjudicial foreclosure proceedings unless "An action has not been commenced to recover the debt or any part

4 – OPINION AND ORDER

of the debt then remaining secured by the trust deed, or, if an action has been commenced, the action has been dismissed."[6] ORS 86.752(7). In allowing nonjudicial foreclosures, the Oregon "legislature sought to provide a more cost-effective means of foreclosing liens on real property." *Brandrup v. ReconTrust Co.*, 353 Or. 668, 711 (2013) (Kistler, J., concurring in part and dissenting in part). Far from encompassing "successive litigation," nonjudicial foreclosures allow the trustee to "sell the property at public auction to the highest bidder without judicial oversight." *Id.* at 678. Plaintiff's argument that claim or issue preclusion applies to the pending nonjudicial foreclosure is meritless.

Equally meritless is Plaintiff's claim seeking a declaratory judgment stating Wells Fargo is not a "person entitled to enforce" the note at issue. First. Am. Compl. 9. Plaintiff is judicially estopped from making any such argument. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (alteration in original) (citation omitted). The Supreme Court identified several factors relevant to any judicial estoppel determination:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first of the second court was misled. . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750-51 (cleaned up) (citations omitted).

---

[6] This statute, which expressly acknowledges that a party may commence nonjudicial foreclosure proceedings only after dismissing judicial foreclosure proceedings—as Wells Fargo in fact did in the State Action several years ago— is another reason why Plaintiff's preclusion argument is misplaced.

5 – OPINION AND ORDER

All three factors are present here. Here, Plaintiff alleges "neither Wells Fargo nor its successors in interest and/or assigns had standing or was the real party in interest, and neither Wells Fargo nor its successors in interest nor assigns was a 'person entitled to enforce' under Oregon's version of the UCC." First Am. Compl. 2-3. Additionally, Plaintiff seeks a declaratory judgment stating "that defendants have no legal or equitable rights in the Note or Deed of Trust and that defendants have no legal standing to institute a foreclosure proceeding on the property, and to enjoin defendants from ever seeking to foreclose on the Property." Fist Am. Compl. 5-6.

In May 2009, Plaintiff filed for chapter 7 bankruptcy protection in the United States Bankruptcy Court, District of Oregon. RJN Ex. D. Plaintiff listed the property and identified Wells Fargo as the secured creditor of the loan at issue. RJN Ex. D, 7. Plaintiff did not dispute Wells Fargo's ownership of the loan. RJN Ex. E, 21. Based on these representations, along with the representation that "Debtor will retain collateral and continue to make regular payments," the bankruptcy court discharged Clark and dismissed the case. RJN Ex. F.

Plaintiff acknowledges his positions are inconsistent:

> Defendants are correct that Plaintiff Clark's position in this action against Defendants is inconsistent with its position in a bankruptcy proceeding more than [one] decade ago. In the first proceeding, the Clarks stated that Wells Fargo was a secured creditor, while in the present action, Plaintiff Clark is asserting that Wells Fargo was not a creditor nor is its successor in interest a creditor.

Pl.'s Resp. 10.

Allowing Plaintiff to advance a position here so clearly at odds with his declarations in the bankruptcy court many years ago would hand Plaintiff an unfair advantage. After acknowledging Wells Fargo's interest in the loan and receiving the benefit of a discharge based upon those representations, Plaintiff now attempts to deprive Wells Fargo's successors in interest the opportunity to foreclose on that debt. Under these facts, Plaintiff is judicially estopped "from deliberately changing positions according to the exigencies of the moment." *New Hampshire*,

6 – OPINION AND ORDER

532 U.S. at 749-50 (citation omitted). To the extent Plaintiff argues Wells Fargo lacked (or its successors in interest currently lack) any interest in the loan, that ship sailed over a decade ago when the bankruptcy court dismissed Plaintiff's bankruptcy case based on his declarations to the contrary.

## CONCLUSION

Defendants' motions to dismiss, ECF No. 15-16, are GRANTED. Because leave to amend would be futile, the dismissal is with prejudice. Defendants' motions to dismiss, ECF No. 8-9 are DENIED as moot.

IT IS SO ORDERED.

DATED this 28th day of March, 2022.

                                                  /s/ Michael McShane
                                              **Michael J. McShane**
                                              **United States District Judge**